IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE E. JOHNSON, <br> Reg. No. 19313-076, <br> <br> Plaintiff, <br> <br> v. <br> <br> WARDEN WALTER WOODS, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 2:18-CV-243-WKW <br> ) [WO] <br> ) <br> ) <br> ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a federal inmate, filed this *Bivens*[1] civil rights action on March 19, 2018. Plaintiff filed an affidavit in support of a motion for leave to proceed *in forma pauperis*. The motion, however did not include the required documentation from the inmate account clerk. The court, therefore, did not have the information necessary to determine whether Plaintiff should be allowed to proceed *in forma pauperis* in this case and entered an order on March 28, 2018, requiring Plaintiff to provide the court with this information on or before April 16, 2018. Doc. 7. The court specifically cautioned Plaintiff that failure to comply with the March 28 order would result in a recommendation that this case be dismissed. *Id*.

The allotted time has passed and Plaintiff has not complied with the court's March 28, 2018, order. The court, therefore, concludes that this case is due to be dismissed. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal*, 232 Fed. Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without

---

[1] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

prejudice of inmate's civil rights action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failures to comply with the order of the court and to prosecute this action.

It is further

ORDERED that **on or before May 29, 2018**, Plaintiff may file an objection to the Recommendation Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 14th day of May, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge